UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JONATHAN STEPHENSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.: 3:14-CV-00414 |
| | ) | REEVES/GUYTON |
| TONY MAYS, Warden,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM & ORDER

This is a capital habeas corpus case brought pursuant to 28 U.S.C. § 2254 by Jonathan Stephenson ("Petitioner"). Petitioner was convicted of first degree murder and conspiracy to commit first degree murder by a Cocke County jury in 1989. He was sentenced to death for the murder charge, and received a consecutive sixty-year sentence for the conspiracy charge.[2] Petitioner currently is represented by Federal Defender Services of Eastern Tennessee, Inc. ("FDSET") [Doc. 3].

Presently before the court is Petitioner's motion to remove counsel for a conflict of interest [Doc. 88].[3] Respondent has filed a response in opposition [Doc. 94], to which Petitioner has filed a reply [Doc. 95]. A hearing on Petitioner's motion was held on February 2, 2018, in Nashville,

---

[1] Tony Mays is now the Warden at Riverbend Maximum Security Institution. The Clerk is **DIRECTED** to substitute Tony Mays as Respondent in this matter. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

[2] Petitioner originally was sentenced to death plus twenty-five years for his convictions, but that sentence was overturned on appeal, and Petitioner was resentenced to life without parole with a consecutive sixty years for the conspiracy conviction. Petitioner appealed his life without parole sentence, and the case again was remanded for resentencing. He then was re-sentenced to death on the murder conviction.

[3] Petitioner's pro se motion to render a decision on his motion to remove counsel [Doc. 90] will be **denied as moot** in light of this Memorandum & Order.

1

Tennessee. For the following reasons, Petitioner's motion to remove counsel [Doc. 88] will be **GRANTED**, and, pursuant to 18 U.S.C. §§ 3599(a)(2) and (e), the Office of the Federal Public Defender for the Middle District of Tennessee will be **APPOINTED** as substitute counsel for Petitioner throughout every stage of available judicial proceedings in this case.

## I.  BACKGROUND

Petitioner's motion seeks the removal of FDSET as his court-appointed counsel due to an alleged conflict of interest arising from the employment in FDSET's Greeneville office of Attorney Tim Moore, who represented him previously at a resentencing hearing that is the subject of several of his pending habeas claims [Doc. 88 p. 1]. Petitioner alleges that Moore's association with FDSET creates a conflict of interest since it would be "impossible" for his current counsel to pursue claims of ineffective assistance against Moore [*Id.*] Accordingly, Petitioner asks the Court to remove FDSET as his counsel and either appoint new counsel or permit him to represent himself [*Id.* p. 2].

Respondent opposes Petitioner's request to remove FDSET as counsel for numerous reasons: (1) substitution of counsel at this stage has the potential to cause unnecessary delay in matters currently pending before the Court; (2) Petitioner has not alleged when he first became alerted to Moore's employment with FDSET; (3) Petitioner has not complained about a lack of communication between himself and his current attorney; and (4) Petitioner cannot show any active conflicts of interest arising from Moore's employment in the Greenville office of FDSET, or that his employment has adversely affected the performance of his current counsel [Doc. 94]. In this regard, Respondent's counsel notes that he himself has never engaged with Moore in any capacity, either prior to or since Moore's employment with FDSET [*Id.* p. 3]. Alternatively, in the

event that the Court should decide to remove FDSET, Respondent requests that substitute counsel be appointed, rather than permitting Petitioner to represent himself [*Id*. pp. 4-5].

In reply, Petitioner asserts that Moore was hired by the Circuit Court of Cocke County to be one of his attorneys during a sentencing hearing which "was in contention" because Cocke County allegedly did not have jurisdiction [Doc. 95 p. 1]. Petitioner further alleges that Moore filed a motion with the appellate court in which "he was supposed to" object to the jurisdiction of Cocke County but did not [*Id*. pp 1-2]. Had Moore not "failed in his duties," Petitioner contends, the jurisdictional argument "would have been successfully presented to the trial court" and the "case should have and would have been dismissed" [*Id*. pp. 4-5]. Petitioner submits that this situation creates a conflict of interest because FDSET will not argue a claim of ineffectiveness against an attorney employed by them [*Id*. p. 5].

After hearing from Petitioner and counsel for both parties at the proceeding on February 2, 2018, the Court instructed Petitioner to further discuss the situation with his attorney to see if the situation could be resolved. The Court subsequently received notice from FDSET that, after consultation, Petitioner indicated that he did not wish to withdraw his motion to remove counsel and requested a ruling on that motion [Doc. 109].

## II. STANDARD OF REVIEW

Title 18 U.S.C. § 3599(a)(2) "entitles indigent defendants to the appointment of counsel in capital cases, including habeas corpus proceedings." *Martel v. Clair*, 565 U.S. 648, 652 (2012). While the statute "leaves it to the court to select a properly qualified attorney," *Christeson v. Roper*, 135 S. Ct. 891, 894 (2015), it further contemplates that the court may replace appointed counsel with "similarly qualified counsel . . . upon motion of the defendant." 18 U.S.C. § 3599(e). Once a defendant raises his dissatisfaction with his court-appointed counsel, "the district court is

3

obligated to inquire into the defendant's complaint and determine whether there is good cause for the substitution." *Benitez v. United States*, 521 F.3d 625, 632 (6th Cir. 2008).

A motion for substitution of appointed counsel brought by an indigent petitioner seeking federal habeas relief in capital cases should be decided under the same "interests of justice" standard applicable in federal non-capital cases. *Clair*, 565 at 657-62. Among the factors to be considered in determining whether substitution of counsel is warranted "include: the timeliness of the motion; the adequacy of the district court's inquiry into the defendant's complaint; and the asserted cause for that complaint, including the extent of the conflict or breakdown in communication between lawyer and client (and the client's responsibility, if any, for that conflict)." *Christeson*, 135 S. Ct. at 894 (quoting *Clair*, 565 at 663); *see also United States v. Iles*, 906 F.2d 1122, 1130 n. 8 (6th Cir. 1990).

### III. ANALYSIS

Plaintiff's complaint regarding a potential conflict of interest has obligated the Court to explore his allegations to determine whether the interests of justice require the replacement of FDSET as court-appointed counsel in this case. *See Clair*, 565 U.S. at 658–63 (adopting an "interests of justice" standard on a motion for substitution of counsel under § 3599(e)). Upon consideration of the relevant *Christeson* factors, the Court concludes that a substitution of counsel is warranted here.

As to the timeliness of Petitioner's motion, the Supreme Court has emphasized that "[p]rotecting against abusive delay *is* an interest of justice." *Clair*, 565 at 662. Although Petitioner's pending motion was not filed until well into these proceedings, and while a number of other complex issues remain outstanding, it does not appear that Petitioner has filed the motion for the purposes of delay. Rather, Petitioner indicated at the hearing that he filed the motion shortly

4

after he became aware, through his own research, of a potential new ground of ineffective assistance of counsel stemming from Moore's performance.

As to the second factor, the Court has made the appropriate inquiry into Petitioner's complaint by holding a hearing and providing Petitioner, as well as his counsel and Respondent's counsel, the opportunity to address Petitioner's complaint. The Court also granted Petitioner and his counsel a chance to resolve their dispute, but to no avail.

Finally, the Court has considered the extent of the conflict between Petitioner and counsel and finds that the potential conflict is too great, and the stakes are too high, to permit FDSET to continue to represent Petitioner in this matter. Petitioner's desire to raise an ineffective assistance of counsel claim against an attorney who works for FDSET, albeit in a different office, creates a conflict of interest that cannot be ignored or sanctioned. Accordingly, the Court finds that the interests of justice require the removal of FDSET from representing Petitioner in this case.

Having determined that FDSET should be removed, the remaining issue is whether to appoint substitute counsel or to permit Petitioner to represent himself. While recognizing that Petitioner does have a constitutional right to self-representation if he knowingly and intelligently waives his right counsel, the Court finds that the appropriate course of action in this case is to appoint "similarly qualified" counsel rather than to allow Petitioner to proceed pro se.

The Sixth Amendment provides, in pertinent part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The right to assistance of counsel is made obligatory on the states by the Fourteenth Amendment and an indigent defendant has the right to have counsel appointed for him. *Gideon v. Wainwright*, 372 U.S. 335, 342–45 (1963).

The Sixth and Fourteenth Amendments also guarantee the corollary right to waive counsel and to proceed pro se. *Faretta v. California*, 422 U.S. 806, 807 (1975). However, when an accused chooses self-representation, he necessarily relinquishes "many of the traditional benefits associated with the right to counsel." *Id*. at 835. Accordingly, "in order to represent himself, the accused must 'knowingly and intelligently' forgo those relinquished benefits" and "should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" *Id*. (quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279 (1942)); *see also Johnson v. Zerbst*, 304 U.S. 458, 464 (1938) (waiver of right to counsel is valid only when it "reflects an intentional relinquishment or abandonment of a known right or privilege").

18 U.S.C. § 3599 grants federal capital defendants and capital habeas petitioners *enhanced* rights of representation, in light of what § 3599(d) calls "the seriousness of the possible penalty and . . . the unique and complex nature of the litigation." *Clair*, 565 U.S. at 659. "By providing indigent capital defendants with a mandatory right to qualified legal counsel in these proceedings, Congress has recognized that federal habeas corpus has a particularly important role to play in promoting fundamental fairness in the imposition of the death penalty." *McFarland v. Scott*, 512 U.S. 849, 859 (1994). Given the important role qualified counsel are designed to play in promoting fundamental fairness in death penalty cases, the Court finds that appointing substitute counsel is the more appropriate choice at this time.

18 U.S.C. § 3599(e) requires that appointed counsel be replaced only by "similarly qualified counsel." In accordance with that statute, the Court will appoint the Office of the Federal Public Defender for the Middle District of Tennessee as substitute counsel for Petitioner for the duration of these proceedings.

## IV. CONCLUSION

Accordingly, for the reasons set forth herein, it is **ORDERED** that Petitioner's motion to remove counsel [Doc. 88] hereby is **GRANTED** and Federal Defender Services of Eastern Tennessee hereby is **REMOVED** as appointed counsel in this case. Pursuant to 18 U.S.C. §§ 3599(a)(2) and (e), it further is **ORDERED** that the Office of the Federal Public Defender for the Middle District of Tennessee hereby is **APPOINTED** as substitute counsel, effective immediately, and shall represent Petitioner throughout every remaining stage of available judicial proceedings in this case. The Clerk is **DIRECTED** to mail a copy of this order to both Petitioner and the Office of the Federal Public Defender for the Middle District of Tennessee.

It further is **ORDERED** that Petitioner's pro se motion to render a decision on his motion to remove counsel [Doc. 90] will be **DENIED as moot** in light of this Memorandum & Order.

It further is **ORDERED** that newly-appointed counsel shall file a response to Respondent's pending motion to modify orders granting Petitioner computer access and use [Doc. 107] within **forty-five (45) days** from entry of this order.

**IT IS SO ORDERED.**

_/s/ Pamela L. Reeves_
**UNITED STATES DISTRICT JUDGE**