UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| JONATHAN STEPHENSON, | ) | | |
|---|---|---|---|
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:14-cv-414 |
| | ) | | REEVES/GUYTON |
| TONY MAYS, Warden, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## MEMORANDUM & ORDER

This is a capital habeas corpus case brought pursuant to 28 U.S.C. § 2254 by Jonathan Stephenson ("Petitioner"), a Tennessee death row inmate. Petitioner was convicted of first degree murder and conspiracy to commit first degree murder by a Cocke County jury in 1989 and was sentenced to death on the murder charge.

Presently before the Court is an objection to a subpoena [Doc. 83] filed by the Board of Professional Responsibility of the Supreme Court of Tennessee ("the Board") as an interested party. Petitioner filed a response to the Board's objection and a motion to compel compliance with the subpoena [Doc. 84]. The Board filed a response to the motion to compel [Doc. 86] and Petitioner filed a reply [Doc. 87]. For the following reasons, the Board's objection to the subpoena [Doc. 84] will be **OVERRULED** and Petitioner's motion to compel compliance [Doc. 86] will be **GRANTED**, subject to Petitioner's re-issuance of the subpoena to reflect the narrower scope of the Court's discovery order [Doc. 68], and subject to a protective order to address confidentiality concerns.

1

## I. BACKGROUND

By order dated November 21, 2016, the Court granted in part Petitioner's motion for discovery to the extent he sought disclosure of "the complete Tennessee state bar files reflecting disciplinary measures instituted against Attorneys Carl Ogle and John Herbison" [Doc. 68 p. 4]. The Court found that "[t]here may be facts nestled within the contents of those bar files involving discipline imposed in connection with the state criminal or postconviction cases of other petitioners who were represented by these attorneys which would supply the required proof of inadequate performance in Petitioner's state criminal case. If so, the disclosure of the bar files of these attorneys could yield proof which would allow Petitioner to prevail on the performance prong of the ineffective assistance claims asserted in Claim IV in his petition" [*Id.*].

Petitioner subsequently served a subpoena duces tecum for the production of "the complete Board of Professional Responsibility files" on Herbison and Ogle [Doc. 83 p. 1]. Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), the Board objected to producing the records on the basis of Tennessee Supreme Court Rule 9, § 32.1, which provides that "all matters, investigations or proceedings involving allegations of misconduct by or the disability of an attorney . . . shall be confidential and privileged" subject to certain exceptions set forth in §§ 32.2, 32.3 and 32.9 of Rule 9 [Doc. 83 pp. 1–2]. The Board contends that the scope of the subpoena far exceeds what documents might be public under Rule 9, § 32, and includes documents which are confidential under Rule 9, § 32.1 [*Id.* p. 2].

Petitioner responded with a motion to compel under Federal Rule of Civil Procedure 45(d)(2)(B)(i) [Doc. 84]. Petitioner asserts that the Board failed to offer any description of the withheld documents as required under Rule 45(e)(2)(A)(ii) other than generally asserting that they are confidential [*Id.* p. 2]. Further, he notes that he is seeking the files strictly for the purpose of

ongoing federal litigation and that "state privileges must yield to the federal interest" of seeking the full disclosure of all facts bearing upon the alleged denial of Petitioner's right to effective assistance of counsel [*Id*. pp. 3–5].

The Board opposes Petitioner's motion to compel [Doc. 86]. Initially, the Board notes that the subpoena is overly broad, as it requests the *complete* Tennessee state bar files on Herbison and Ogle rather than limiting the request to the files "reflecting disciplinary measures instituted against [Ogle and Herbison]" [*Id*. p. 1]. The Board reiterates its stance that any non-public records it maintains regarding the attorneys are confidential under Tennessee Supreme Court Rule 9, § 32.1, and continues to object to their production [*Id*. pp. 2–3]. The Board urges the Court to give deference to the Tennessee Supreme Court's interests in maintaining a confidential and effective process for investigating complaints against attorneys" [*Id*. p. 5].

In reply, Petitioner concedes that the wording of the subpoena was broader than the Court's order and indicates his willingness to re-issue the subpoena with the narrower language of that order [Doc. 87 p. 1]. He also restates his position that a protective order would be an adequate safeguard to address the Board's confidentiality concerns [*Id*. p. 2].

II. **ANALYSIS**

The Board's primary objection to the subpoena in this case is that the requested documents are privileged under the Tennessee Supreme Court rules. The extent to which a state law privilege applies in federal court was addressed in *Farley v. Farley*, 952 F. Supp. 1232, 1235 (M.D. Tenn. 1997). Applying Rule 501 of the Federal Rules of Evidence, the *Farley* court found that there is no constitutional inhibition to the abrogation of privileges arising under state law when a matter is heard in a federal court, and that this is particularly true when the civil action arises under federal law rather than under state law. *Farley*, 952 F. Supp. at 1235–36. Most courts that have considered

the issue of state privileges have concluded that the state law must yield to the federal interest in full disclosure of all facts bearing upon the denial of federally-guaranteed rights, *Farley*, 952 F. Supp. at 1236, and only particularly strong state policies justify the withholding of evidence in federal civil rights actions. *See Grummons v. Williamson County Board of Education*, No. 3:13-1076, 2014 WL 1491092 at * 3 (M.D. Tenn. April 15, 2014).

Here, the Court already has determined that there is a significant federal interest in disclosure of the requested records as those records may yield proof which would allow Petitioner to prevail on his ineffective assistance claim [Doc. 68]. While not minimizing the Board's concerns regarding confidentiality, the Court finds that the state's interests in confidentiality must yield to the federal interests in securing potential evidence in a capital habeas corpus proceeding. *See Quintero v. Carpenter*, No. 3:09-cv-0016 [Doc. 84-2]. Moreover, as Petitioner indicates, the Board's confidentiality concerns can be addressed by the filing of a protective order. Accordingly, the Board's objection to production of the requested documents on the ground of privilege will be overruled.

Finally, the Court does agree with the Board that the subpoena as written is overbroad in that it seeks the *complete* Tennessee state bar files on Herbison and Ogle rather than limiting the request to the files "reflecting disciplinary measures instituted against [Ogle and Herbison]." Petitioner concedes this and has indicated he will re-issue the subpoena to comply with the Court's discovery order and he will be directed to do so.

## III. CONCLUSION

Accordingly, for the reasons set forth herein, it is **ORDERED** that the Board's objection to the subpoena [Doc. 83] is **OVERRULED** and Petitioner's motion to compel compliance [Doc. 84] is **GRANTED**, subject to Petitioner's re-issuance of the subpoena to reflect the narrower scope of the Court's discovery order [Doc. 68], and subject to a protective order to address confidentiality concerns. The parties shall submit to the Court a proposed protective order for its consideration and signature.

**IT IS SO ORDERED.**

*/s/ Pamela L. Reeves*
**UNITED STATES DISTRICT JUDGE**