# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| JONATHAN STEPHENSON, | ) |
| *Petitioner*, | ) Case No. 3:14-cv-414 |
| v. | ) Judge Travis R. McDonough |
| TONY MAYS, Warden, | ) Magistrate Judge H. Bruce Guyton |
| *Respondent*. | ) |

## MEMORANDUM AND ORDER

Before the Court is Petitioner's *pro se* motion to remove counsel (Doc. 144). Petitioner moves the Court to "remove current counsel of record and appoint counsel that has time and is willing to pursue the issues in this case." (*Id.* at 1.) The Court ordered the parties to respond to Petitioner's motion. (Doc. 148.) The parties have done so, and the motion is fully briefed. (*See* Doc. 149; SEALED Docs. 151–52, 155.) For the reasons discussed herein, a hearing is necessary before the Court can rule on Petitioner's motion.

### I. DISCUSSION

In 2014, Petitioner initiated this 28 U.S.C. § 2254 capital habeas corpus action by filing a motion to proceed *in forma pauperis* and motion to appoint counsel (Docs. 1–2). The Court granted Petitioner's motions and appointed the Federal Defender Services of Eastern Tennessee ("FDSET") to represent Petitioner. (Doc. 3, at 1–2 (citing 18 U.S.C. § 3599(a)(2)).)

On June 12, 2017, however, Petitioner filed a motion to remove his court-appointed counsel, citing a conflict of interest. (*See* Doc. 88.) In the alternative, he asked the Court to

allow him to proceed *pro se*. (*Id.* at 2.) After Petitioner's motion was fully briefed, the Court held a hearing before ruling on Petitioner's motion.[1] After the hearing, the Court denied Petitioner's request to proceed *pro se* but granted his request to remove FDSET as counsel and to appoint new counsel. (Doc. 114, at 5–7.) The Court appointed the Federal Defender Services for the Middle District of Tennessee ("FDSMT") to represent him. (*Id.*)

Petitioner, acting *pro se*, now moves the Court "to remove current counsel" again, stating that "[c]ounsel . . . will not take the time to read and/or become familiar with . . . [his] case." (Doc. 144, at 1.) In support of his motion, Petitioner filed a 109-page document titled "Letter of Transmittal." (Doc. 145.) In this document, Petitioner discusses his state post-conviction proceedings and the issues that Petitioner claims that his "current counsel will not speak to him about." (*Id.* at 3–21.)[2]

Pursuant to 18 U.S.C. § 3599(a)(2), a defendant, "[i]n any postconviction proceeding under section 2254 . . . of title 28, United States Code, seeking to . . . set aside a death sentence, . . . shall be entitled to the appointment of one or more attorneys." Appointed counsel "may be 'replaced by similarly qualified counsel upon . . . motion of the defendant.'" *Martel v. Clair*, 565 U.S. 648, 657 (2012) (quoting § 3599(e)). When a defendant moves to discharge current counsel and to appoint new counsel, a district court "'clearly has a responsibility to determine the reasons for defendant's dissatisfaction with his current counsel.'" *U.S. v. Iles*, 906 F.2d 1122, 1130–31 (6th Cir. 1990) (quotation omitted); *see Martel*, 565 U.S. at 664 ("As all Circuits agree, courts cannot properly resolve substitution motions without probing why a defendant wants a

---

[1] Without objection from Respondent, the Court heard argument from Petitioner and Stephen Ferrell, Esq.—Petitioner's former attorney—outside of Respondent's presence to protect any privileged matters between Petitioner and his attorney. (Doc. 111, at 24.)

[2] Petitioner's "Letter of Transmittal" also contains an appendix, which includes various documents from his state appeals and post-conviction proceedings. (Doc. 145, at 22–90.)

2

new lawyer."). The Supreme Court in *Martel* has instructed courts to apply the "interest of justice" standard—a "peculiarly context-specific" and "fact-specific" inquiry—when evaluating motions to substitute counsel. 565 U.S. at 652, 663 (holding that "courts should employ the same 'interests of justice' standard that they apply in non-capital cases under a related statute, [18 U.S.C.] § 3006A," to capital cases as well). Factors which a court may consider "generally include" the following: the motion's timeliness, including "abusive delay" in proceedings; the reason or "asserted cause for th[e] complaint," including the degree of conflict or the breakdown in attorney-client communication; and the "client's own responsibility, if any, for that conflict[.]" *Id.* at 662–63.

Consistent with *Martel*, the Court will conduct a hearing so that it can make the appropriate fact-specific inquiry into Petitioner's complaints before ruling on his motion to remove counsel. *Id.* at 664 (noting the importance of "an on-the-record inquiry into a defendant's allegations [concerning substitution of counsel]"). The Court notes that Petitioner's motion is unclear as to whether his dissatisfaction with "current counsel of record" is or was limited to Amy Harwell, Esq.—Petitioner's former attorney at the time Petitioner filed his motion—or whether his dissatisfaction also extends to FDSMT as a whole.[3] (Doc. 144, at 1.) The Court therefore intends to probe the full extent of Petitioner's complaints.

## II. CONCLUSION

For the foregoing reasons, the Court will conduct a hearing before the undersigned on Petitioner's *pro se* motion to remove counsel (Doc. 144). The hearing will take place on

---

[3] Ms. Harwell filed a response to Petitioner's motion and sur-reply to Petitioner's reply. (SEALED Docs. 151, 155.) The record reflects, however, that Ms. Harwell no longer represents Petitioner. Richard Lewis Tennent, Esq., who is also an attorney from FDSMT, has since substituted Ms. Harwell as Petitioner's lead counsel in this matter. (*See* Doc. 159.) Mr. Tennent has not filed a response to Petitioner's *pro se* motion to remove counsel.

**Tuesday**, **August 17, 2021 at 10:00 a.m. Eastern Standard Time** in Chattanooga, Tennessee. The parties shall be prepared to present their positions to the Court. The Court further **ORDERS** that the United States Marshal, or his authorized deputy, transport Petitioner from his place of incarceration to Chattanooga, Tennessee to appear at the hearing.

    SO ORDERED.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**