**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| JONATHAN STEPHENSON, | ) | |
| | ) | Case No. 3:14-CV-414 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Jill E. McCook |
| KENNETH NELSEN, Warden, | ) | |
| | ) | |
| *Respondent*. | ) | |

---

**MEMORANDUM AND ORDER**

---

Before the Court is Petitioner's motion for leave to file an amended petition for habeas corpus (Doc. 271) and proposed amended petition (Doc. 271-2). As discussed below, the motion will be **GRANTED in PART** and **DENIED in PART**.

## I. BACKGROUND

Petitioner, a state prisoner, faces a capital sentence based on his 1989 conviction for first-degree murder. In August 2015, he filed a federal habeas corpus petition through appointed counsel at the Federal Defender Services of Eastern Tennessee ("FDSET"). (Doc. 15.) The petition raised five claims: Confrontation Clause violations (Claim I); equal protection violation based on failure to provide new trial (Claim II); claims regarding the aggravating circumstance (Claim III); ineffective assistance of counsel (Claim IV) and due process violation based on trial judge's religious comments during voir dire (Claim V). (*Id.*).

In May 2018, the Court removed FDSET as counsel due to a conflict of interest and appointed the Federal Public Defender for the Middle District of Tennessee ("FDMTN") to represent Petitioner. (Doc. 114.) Petitioner's counsel from FDMTN filed a motion to amend the

petition in February 2023. (Doc. 208.) Among other changes, the motion sought to add a prosecutorial-misconduct claim, based on the withholding of favorable evidence and presentation of false testimony. (Doc. 208-1, at 76.)[1] FDMTN subsequently moved for appointment of substitute counsel, citing a conflict of interest. (Doc. 242, at 1.) The Court granted the motion for substitution—appointing the Federal Community Defender Office for the Eastern District of Pennsylvania ("FCDO") to represent Petitioner—and denied the pending motion to amend as moot. (Doc. 260, at 21–22.) The Court then set a deadline for FCDO to file any motion to amend the petition. (Doc. 263). That deadline was extended to December 12, 2025. (Doc. 270.)

On December 12, 2025, Petitioner filed the instant motion for leave to file an amended petition (Doc. 271) and proposed amended petition ("amended petition"). (Doc. 271-2.) Claims I, III–V, and VII–XI of the amended petition repled the claims in the initial petition, with some changes in organization and supplemental arguments and legal authority. The amended petition also raises two claims that were not presented in the original petition: a prosecutorial-misconduct claim, previously raised in the mooted 2023 motion to amend (Claim II), and a due process claim, alleging a violation of Petitioner's right to present and cross-examine witnesses (Claim VI). Finally, the amended petition adds an argument challenging the constitutionality of

[1] All document citations are to the document and page number assigned in the CM/ECF system.

AEDPA deference,[2] based on the United State Supreme Court's decision in *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024).[3] (Doc. 271-2, at 9–16.)

In support of the motion to amend, Petitioner contends that the amended petition will promote judicial efficiency, allow for the full and orderly litigation of Petitioner's claims, and will not prejudice the State. (Doc. 274, at 2.) He also asserts that the interests of justice favor granting the motion to amend, since he has been appointed new counsel and this is a capital case, which warrants a heightened concern for fairness. (*Id.* at 4–5.)

In response, Respondent argues that the motion to amend should be denied as futile. (Doc. 281, at 1.) The new prosecutorial-misconduct and due process claims are futile, he asserts, because they are untimely[4] and procedurally defaulted[5], without a viable excuse. (*Id.* at 7–27,

---

[2] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires federal courts to defer to state court merits decisions unless the state court adjudication (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established" United States Supreme Court precedent; or (2) "resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented." 28 U.S.C. § 2254(d)(1) & (2); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

[3] In *Loper Bright*, the United States Supreme Court overruled the holding in *Chevron U.S.A. Inc. v. NRDC*, 467 U.S. 837 (1984), that federal courts must defer to federal agency interpretations of ambiguous statutes. *Loper Bright*, 603 U.S. at 397, 412–13.

[4] The AEDPA imposes a one-year statute of limitations for the filing of an application for a federal writ of habeas corpus, running from one of four triggering events outlined in 28 U.S.C. § 2244(d)(1). The limitations period is statutorily tolled while a "properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2). A court may consider an untimely § 2254 motion if the petitioner shows that he is entitled to equitable tolling of the limitations period or establishes a claim of actual innocence. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that § 2244(d) is subject to equitable tolling); *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) (holding that a "credible showing of actual innocence" may overcome AEDPA's limitations period).

[5] Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his available state court remedies. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires the petitioner to "fairly present" each federal claim to all levels of the state appellate system by presenting the "same claim under the same theory" up to the state's highest court, *Wagner v. Smith*, 581 F.3d 410, 414, 418 (6th Cir. 2009), to ensure that states have

30–35.) With respect to the repled claims, Respondent primarily argues that any supplemental arguments are without merit because they do not change the conclusion that the claims in the initial petition are meritless. (*See id.* at 36, 40, 42, 48, 52, 54, 57, 58.). Finally, he asserts that Petitioner's argument challenging AEDPA deference is futile because it was rejected by the Sixth Circuit in *Sanders v. Plappert* 168 F.4th 837 (6th Cir. 2026). (*Id.* at 5.)

In reply, Petitioner maintains that the Court should defer procedural and merits-based analysis until after the amended petition has been filed, when all claims can be addressed at the same time. (Doc. 290, at 5.) However, he also addresses Respondent's arguments on a claim-by-claim basis. Petitioner recognizes that the new claims are untimely and procedurally defaulted. But he claims that untimeliness can be excused through equitable tolling or a showing of actual innocence. (*Id.* at 17–31, 39–40.) And the procedural default can be excused through a showing of cause and prejudice or actual innocence. (*Id.* at 31–38, 40–66.) With respect to the repled claims, Petitioner argues that it is improper for Respondent to fully analyze the merits of those claims to determine if they are "futile." (*Id.* at 67.) Petitioner also asserts that Respondent's analysis of the underlying merits is incorrect. (*See, e.g., id.* at 69.) Finally, Petitioner acknowledges that his argument challenging AEDPA deference is contrary to the Sixth

---

a "full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

Where a petitioner no longer "has the right under the law" to properly exhaust a claim with the state courts, the claim is technically exhausted but procedurally defaulted. *See* 28 U.S.C. § 2254(c); *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015). Federal courts lack jurisdiction to consider the merits of a procedurally defaulted habeas claim unless the petitioner can establish (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law" or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Circuit's decision in *Sanders*. (*Id.* at 15–16.) However, he still wants to include the argument in the amended petition to preserve the issue for a possible Supreme Court appeal. (*Id.*)

## II. DISCUSSION

Under Rule 15(a), leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); 28 U.S.C. § 2242 (providing that habeas corpus motions may be amended in accordance with the Federal Rules of Civil Procedure). This liberal standard reflects "the principle that cases should be tried on their merits rather than on the technicalities of pleading." *Fisher v. Roberts*, 125 F.3d 974, 977–78 (6th Cir. 1997) (citation omitted). Courts should grant a motion to amend unless there is a good reason to the contrary. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Reasons to deny a motion to amend include "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458 (6th Cir. 2001) (citation omitted). "Notice and substantial prejudice to the opposing party are critical factors[.]" *Id.* at 459. A court may also deny leave to amend based on futility alone. *Moss v. United States*, 323 F.3d 445, 476 (6th Cir. 2003). However, "[d]elay by itself is not sufficient reason to deny a motion to amend." *Wade*, 259 F.3d at 458 (citations omitted).

The Court finds no substantial reason to deny Petitioner's motion to amend his claims. Respondent has not alleged that he will suffer any prejudice from the proposed amendments. The motion to amend was filed after a substitution of counsel, within the time frame allowed by the Court. And this will be Petitioner's first amended petition. Thus, there was no bad faith, undue delay on the part of Petitioner's new attorneys, or repeated failure to cure deficiencies.

Although a significant period of time has passed since the initial petition was filed, delay alone is not sufficient reason to deny Petitioner an opportunity to amend.

Respondent's only objection to the amendments is that he claims they are futile. "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."[6] *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). "In the habeas corpus context, amendments are futile where they seek to add claims that are time-barred, procedurally defaulted, or lack merit." *Cunningham v. Warden, Madison Corr. Inst.*, No. 2:24-CV-291, 2025 WL 562876, at *9 (S.D. Ohio Feb. 20, 2025) (citation modified). While futility is a sufficient basis to deny a motion to amend, courts may decline to address the viability of a petitioner's claims until after an amended petition has been filed. *See Elmore v. Shoop*, No. 1:07-CV-776, 2019 WL 3423200, at *3 (S.D. Ohio July 30, 2019) ("[The futility inquiry] requires evaluation of the merits of both the proposed pleading and any proffered affirmative defenses and some courts prefer not to reach the merits on a motion to amend.").

Here, Respondent's objections to the repled claims involve a comprehensive analysis of the merits of the amendments and the underlying claims. And Petitioner's arguments, asserting that he can overcome the procedural barriers to his new claims, implicate the underlying facts of the case and merits concern. Given that the parties' futility arguments are intertwined with the broader merits of the case, the Court finds it most practical, and most consistent with the liberal spirit of Rule 15, to permit the amendments and address all claims together when they are before the Court for disposition. *See Phillips v. Smith*, No. 5:09-CV-01848, 2010 WL 2291143, at *2 (N.D. Ohio June 2, 2010) (declining to address respondent's futility objections to a motion to

[6] To survive a motion to dismiss, a [claim] must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).

amend, observing that such analysis is "in tension" with Rule 15's direction to freely grant leave to amend); *Love-Camp v. Bean*, No. 2:24-CV-00141-JAD-NJK, 2025 WL 3653995, at *4 (D. Nev. Dec. 15, 2025) (deferring consideration of procedural default issues until after the amended petition was filed so that the court could "have the benefit of analyzing all of [the Petitioner's] claims against a fully developed factual and legal backdrop"). Respondent will not be prejudiced, since he is free to raise his procedural and merits-based arguments in his amended answer.

Finally, Petitioner's argument challenging AEDPA deference is clearly futile. Petitioner asserts that AEDPA deference is unconstitutional based on the Supreme Court's decision in *Loper Bright*. But, as Petitioner recognizes, the Sixth Circuit recently rejected that very argument. *See Sanders v. Plappert*, 168 F.4th 837, 848–49 (6th Cir. 2026). Petitioner contends that the AEDPA deference challenge should be included in the amended petition so that he can preserve the issue for a possible appeal to the Supreme Court. But the Supreme Court affirmed the constitutionality of AEDPA only a few years ago. *See Brown v. Davenport*, 596 U.S. 118, 127 (2022) ("When Congress supplies a constitutionally valid rule of decision, federal courts must follow it. In AEDPA, Congress announced such a rule."). Accordingly, the Court will deny Petitioner's request to add an argument challenging AEDPA deference.

## III. CONCLUSION

In sum, with the exception of his request to add the AEDPA deference argument, Petitioner's motion to amend is **GRANTED**. To the extent he asks to include the AEDPA deference argument, the motion is **DENIED**. Petitioner **SHALL** file his amended petition within **ten (10) days** of the entry of this Order. Respondent **SHALL** file his amended answer

within **ninety (90) days** of when Petitioner files the amended petition. Any reply by Petitioner should be filed within **sixty (60) days** of when Respondent files the amended answer.

**SO ORDERED.**

***/s/ Travis R. McDonough***
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**